WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| EPA USA Incorporated,<br><br>    Plaintiff,<br><br>v.<br><br>Kamil Knap,<br><br>    Defendant. | No. CV-24-00749-PHX-GMS<br><br>**TEMPORARY RESTRAINING ORDER -AND-<br>ORDER TO SHOW CAUSE** |

Pending before the Court is Plaintiff EPA USA Incorporated's Motion for Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction and Supporting Memorandum (Doc. 13). For the reasons detailed below, Plaintiff's Motion is granted.

## BACKGROUND

This case involves a dispute over the ownership of Plaintiff, a California corporation. (Doc. 13-1 at 16). Plaintiff's principal place of business is in Arizona. (Doc. 1 at 2). Plaintiff is a debt collection agency that purchased "debt portfolios" from lenders. (Doc. 13 at 6). These portfolios are typically filled with past-due debt that the original lender no longer wishes to pursue. (*Id.*). Plaintiff purchases the portfolios at a price lower than the outstanding debt, and produces a profit by successfully pursuing and collecting the past-due amounts.

Defendant Kamil Knap formed Plaintiff in 2019, using financing provided by El

Palo Alto PTE.LTD ("El Palo Alto"). (*Id.* at 7). El Palo Alto is a Singaporean company and is the original sole shareholder of Plaintiff. (*Id.*). Defendant served as Plaintiff's original Director and Officer. (*Id.*).

On September 26, 2023, Defendant entered into a written agreement with El Palo Alto and a third company called R2P Invest PTE Ltd ("R2P"). (Doc. 15-2 at 1–4). That agreement stated that Defendant would transfer his 33% ownership in El Palo Alto to R2P—along with access codes, e-mails, banking information, and debt portfolios—and in return, El Palo Alto would transfer Plaintiff to Defendant in entirety. (*Id.*). While the parties dispute fault, they agree that the contract was never performed. In February 2024, El Palo Alto terminated Defendant from his employment with Plaintiff. (Doc. 13 at 8). Accordingly, the evidence presented at the TRO indicates that El Palo Alto retains sole ownership of Plaintiff. Defendant continues to operate Plaintiff as if he possesses sole ownership.

On April 4, 2024, Plaintiff filed its Complaint. On May 1, 2024, Plaintiff moved for a temporary restraining order against Defendant, preventing him from withholding, destroying, or accessing Plaintiff's property. (Doc. 13).

## DISCUSSION

### I. Legal Standard

Plaintiffs seek a temporary restraining order under Federal Rule of Civil Procedure 65. To obtain injunctive relief, Plaintiffs must demonstrate "that [they are] likely to succeed on the merits, that [they are] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest." *Winter v. Nat'l Res. Def. Council*, 555 U.S. 7, 20 (2008); *see* Fed. R. Civ. P. 65. The Ninth Circuit analyzes these four elements using a "sliding scale" approach, in which "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

## II. Analysis

Based on the evidence available at this early stage, all four factors weigh in favor of granting Plaintiff's request for a temporary restraining order. Plaintiff faces irreparable harm because with each passing day, its debt portfolios move closer to expiration via a statute of limitations. Furthermore, Defendant cannot face a hardship unless he possesses some right to control Plaintiff, which, at this stage, has not been shown. Most importantly, Plaintiff has demonstrated a high likelihood of success on the merits. While Defendant has alleged that R2P and El Palo Alto breached the contract, he has not presented persuasive evidence that a transfer of ownership ever actually occurred. Thus, for purposes of a temporary restraining order, El Palo Alto retains total ownership of Plaintiff, which means Defendant is improperly using, and preventing access to, Plaintiff's assets.

## CONCLUSION

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff EPA USA Incorporated's Motion for Temporary Restraining Order and Order to Show Cause Re Preliminary Injunction and Supporting Memorandum (Doc. 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that this temporary restraining order re-strains Defendant Kamil Knap, his attorneys, agents, and any and all other persons in active concert or participation with them, from:

    a. removing, transferring, or destroying any documents or electronic data maintained anywhere pertaining to Plaintiff EPA;

    b. accessing, removing, or transferring any of Plaintiff EPA's assets such as money, intellectual property, or physical property belonging to Plaintiff EPA;

    c. retaining, using, copying, moving, disclosing, or destroying Plaintiff EPA's debt portfolios and the information in Plaintiff EPA's debt portfolios for any purpose or reason other than to transfer the debt portfolios in their entirety to Plaintiff EPA and its Board of Directors, officers, and agents; and

  d. accessing or using Plaintiff EPA's computers and computer systems for any purpose or reason other than to transfer access and control of all things belonging to Plaintiff EPA to Plaintiff EPA and its Board of Directors, officers, and agents.

**IT IS FURTHER ORDERED** that this temporary restraining order shall remain in force and effect until such time as a hearing may be held on the hearing to Show Cause Regarding Preliminary Injunction, as agreed to by counsel before the Court.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rules of Civil Procedure 65(c), this temporary restraining order becomes effective when Plaintiff posts a $1,000 bond as security.

**IT IS FURTHER ORDERED** that an Order to Show Cause Hearing as to entering a Preliminary Injunction shall be held on **May 21, 2024, at 9:30 a.m.** in Courtroom 602, Sandra Day O'Connor United States Federal Courthouse, 401 West Washington Street, Phoenix, Arizona 85003-2151.

**IT IS FINALLY ORDERED** that Defendant shall file his response to Plaintiff's request for a Preliminary Injunction by **May 16, 2024**.

Dated this 10th day of May, 2024.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge