**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| EPA USA Incorporated,<br><br>        Plaintiff,<br><br>v.<br><br>Kamil Knap,<br><br>        Defendant. | No. CV-24-00749-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiff EPA USA Incorporated's Motion for Order to Show Cause Re Preliminary Injunction (Doc. 13). For the reasons detailed below Plaintiff's request for a preliminary injunction is granted.

## BACKGROUND

This Order borrows the facts as set out in this Court's Order dated May 10, 2024. (Doc. 22). This case involves a dispute over the ownership of Plaintiff, a California corporation. (Doc. 13-1 at 16). Plaintiff's principal place of business is in Arizona. (Doc. 1 at 2). Plaintiff is a debt collection agency that purchased "debt portfolios" from lenders. (Doc. 13 at 6). These portfolios are typically filled with past-due debt that the original lender no longer wishes to pursue. (*Id.*). Plaintiff purchases the portfolios at a price lower than the outstanding debt, and produces a profit by successfully pursuing and collecting the past-due amounts.

Defendant Kamil Knap formed Plaintiff in 2019, using financing provided by El

Palo Alto PTE.LTD ("El Palo Alto"). (*Id.* at 7). El Palo Alto is a Singaporean company and is the original sole shareholder of Plaintiff. (*Id.*). Defendant served as Plaintiff's original Director and Officer. (*Id.*).

On September 26, 2023, Defendant entered into a written agreement with El Palo Alto and a third company called R2P Invest PTE Ltd ("R2P"). (Doc. 15-2 at 1–4). That agreement stated that Defendant would transfer his 33% ownership in El Palo Alto to R2P—along with access codes, e-mails, banking information, and debt portfolios—and in return, El Palo Alto would transfer Plaintiff to Defendant in entirety. (*Id.*). While the parties dispute fault, they agree that the contract was never performed. In February 2024, El Palo Alto terminated Defendant from his employment with Plaintiff. (Doc. 13 at 8). Accordingly, the evidence presented indicates that El Palo Alto retains sole ownership of Plaintiff.

On April 4, 2024, Plaintiff filed its Complaint. On May 1, 2024, Plaintiff moved for a temporary restraining order against Defendant, preventing him from withholding, destroying, or accessing Plaintiff's property. (Doc. 13). On May 9, Plaintiff's TRO was granted, with a written order following on May 10. (Docs. 20, 22).

## DISCUSSION

### I. Legal Standard

A preliminary injunction is an extraordinary and drastic remedy and may be granted only where the movant shows that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). "The movant has the burden of proof on each element of the test." *Olmos v. Ryan*, No. CV 10-2564-PHX-GMS-MEA, 2021 WL 177859, at *1 (D. Ariz. Jan. 23, 2012).

### II. Analysis

As with Plaintiff's Motion for a Temporary Restraining Order, all four factors weigh in favor of granting Plaintiff's request for a preliminary injunction. Plaintiff continues to

carry its burden as to the four factors, including likelihood of success on the merits. Defendant continues to base his argument for ownership over Plaintiff on an agreement between Defendant, El Palo Alto, and R2P. However, all parties agree that agreement was never performed. As such, both parties have presented evidence that El Palo Alto retains total ownership over Plaintiff. Accordingly, Plaintiff has carried its burden for a preliminary injunction.

## CONCLUSION

Accordingly,

**IT IS THEREFORE ORDERED t**hat Plaintiff EPA USA Incorporated's Motion for a Preliminary Injunction (Doc. 13) is **GRANTED**.

**IT IS FURTHER ORDERED** that this Order is binding upon the Defendant Kamil Knap and all others bound pursuant to Federal Rule of Civil Procedure 65(d)(2).

**IT IS FURTHER ORDERED** that this Order shall be binding until further ordered of the Court.

**IT IS FURTHER ORDERED** that Defendant shall, within one (1) calendar day from the date this Order is entered, provide Plaintiff with the following items and information in Defendant's care, possession, custody, or control:

 a. All EPA USA property, including all records, documents, files, forms, proprietary information, bank records, accounting documentation, and other information concerning EPA USA;

 b. All EPA USA passwords, including all passwords, logins, access codes, and other information used to access or use any systems, equipment, software, accounts, or website domains that were established for or on behalf of EPA USA;

 c. All EPA USA corporate filings;

 d. EPA USA's Articles of Incorporation, including any amendments to or restatements;

 e. EPA USA's Bylaws, including any amendments to or restatements;

f.  All minutes of EPA USA's meetings;

g.  All resolutions and written consents of the shareholders or directors of EPA USA;

h.  All EPA USA agreements, including powers of attorney, engagement agreements with law firms, employment or independent contractor agreements, nondisclosure agreements, or any other written agreements, including any amendments to or restatements;

i.  EPA USA's federal, state, and local tax information and tax returns for 2019 - present;

j.  All financial statements of EPA USA, including the balance sheets and profit and loss statements, from EPA USA's formation to the present in a form and manner that fairly and accurately present the assets, liabilities, and financial position of EPA USA;

k.  The general ledgers of EPA USA, as of a recent date, in a form and manner that fairly and accurately presents the assets, liabilities, and financial position of EPA USA;

l.  All evidence of any EPA USA indebtedness, including but not limited to any document, instrument, or communication that evidences or contemplates (i) the loaning or borrowing of any funds, (ii) all leases (real property, vehicles or otherwise), or (iii) capitalized leases on behalf of, or for the benefit of, EPA USA;

m.  All of EPA USA's insurance policies, including, but not limited to, any casualty insurance policies;

n.  All debt portfolios purchased with EPA USA funds or in EPA USA's name, including but not limited to the debt portfolios identified in Mr. Knap's May 7, 2024 Affidavit (Doc. 15-1 para. 15);

o.  All receipts reflecting anything purchased with EPA USA funds or in EPA USA's name;

    p. All EPA USA's employee files and records;

    q. All EPA USA's payroll records;

    r. All EPA USA's phone number and phone line provider records;

    s. All EPA USA's website hosting records;

    t. All emails to and from EPA USA email accounts, from 2019 to present;

    u. All records of all third-party service providers for EPA USA;

    v. All records of all "freelance" operators, technology consultants, forensic consultants, and the like used by EPA USA;

    w. All EPA USA's records of VPN accounts or purchases;

    x. All business contact information and lists held by EPA USA; and

    y. All EPA USA's debt-collecting licenses, applications for debt-collecting licenses, notices relating to debt-collecting licenses, and information required to obtain or renew debt-collecting licenses.

**IT IS FURTHER ORDERED** that Defendant shall, within one (1) calendar day from the date this Order is entered, provide Plaintiff with the following information in a digital format of his choosing (for example, a Word document, PDF, or email):

    a. Identify all EPA USA, Inc. bank accounts, past and present, including bank name, account number, and all other necessary identifying information;

    b. Administrative login credentials for all EPA USA computers;

    c. Administrative login credentials for all EPA USA accounts of any kind;

    d. Administrative login credentials for EPA USA's website and email servers;

    e. Identify all debt portfolios purchased with EPA USA funds or in EPA USA's name;

    f. Identify all furniture, fixtures, equipment, and inventory held by EPA USA;

    g. Identify all past and current employees, including their contact information;

    h. Identify all independent contractors retained since 2019, including their contact information; and

    i. Identify all phone number/phone line providers and account information.

**IT IS FURTHER ORDERED** that Defendant is enjoined from:

    a. removing, transferring, or destroying any documents or electronic data maintained anywhere pertaining to Plaintiff EPA;

    b. accessing, removing, or transferring any of Plaintiff EPA's assets such as money, intellectual property, or physical property belonging to Plaintiff EPA;

    c. using, copying, moving, or disclosing Plaintiff EPA's debt portfolios and the information in Plaintiff EPA's debt portfolios for any purpose or reason other than to transfer the debt portfolios in their entirety to Plaintiff EPA and its Board of Directors, officers, and agents; and

    d. accessing or using Plaintiff EPA's computers and computer systems for any purpose or reason other than to transfer access and control of all things belonging to Plaintiff to Plaintiff EPA and its Board of Directors, officers, and agents.

**IT IS FURTHER ORDERED** that the bond posted by the Plaintiff in the amount of $1,000 in support of the entry of the TRO in this matter may also serve as the bond required for the entry of this preliminary injunction.

**IT IS FINALLY ORDERED** that no person who has notice of this injunction shall fail to comply with it, nor shall any person subvert the injunction by sham, indirection or other artifice.

Dated this 28th day of May, 2024.

_____
G. Murray Snow
Chief United States District Judge