UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF ARIZONA

| | |
|---|---|
| EPA USA Inc., <br><br> Plaintiff(s), <br><br> v <br><br> Kamil Knap, <br><br> Defendant(s) | C.A. No. CV-24-00749-PHX-GMS |

# KAMIL KNAP'S MEMORANDUM OF LAW IN OPPOSITION

# TO MOTION FOR EXPEDITED ORDER TO SHOW CAUSE

By and through counsel, Kamil Knap respectfully submits this Opposition to Motion for Order to Show Cause. For all the reasons set forth herein, Kamil Knap respectfully requests the Court deny EPA USA Inc.'s Motion at this time.

## I.   INTRODUCTION

The Court entered an Order for Preliminary Injunction on May 29, 2024. The Order required the defendant to provide plaintiffs with any items in defendant's custody or control that pertained to EPA USA Inc. The list of items is identical to those requested of the defendant in a letter from plaintiffs on May 15, 2024. *See*, Exhibit 1.

II.     **FACTUAL BACKGROUND**

Per the declaration of the non-moving party, Kamil Knap, the amount of information required is thousands of files, and as of very recently has been substantially and complied with.

III.    **LEGAL STANDARDS**

Courts possess "inherent power to enforce compliance with their lawful orders through civil contempt." *See*, Shillitani v. United States, 384 U.S. 364, 370, 86 S. Ct. 1531, 16 L. Ed. 2d 622 (1966) (citation omitted). The purpose of civil contempt is "to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *See*, United States v. United Mine Workers of Am., 330 U.S. 258, 303-04, 67 S. Ct. 677, 91 L. Ed. 884 (1947)

The party seeking a contempt order must establish by clear and convincing evidence that (1) a court order existed that the adversary was aware of, and (2) the adversary violated the order's terms. *See*, NLRB v. Cincinnati Bronze, Inc., 829 F.2d 585, 591 (6th Cir. 1987). Once it is clearly established that a litigant knowingly violated a court order, the litigant is guilty of civil contempt unless he shows that he was unable to comply with the order. *See*, United States v. Rylander, 460 U.S. 752, 757, 103 S. Ct. 1548, 75 L. Ed. 2d 521 (1983). *See*, United States v. Kelly, 2024 U.S. Dist. LEXIS 1168.  If the Court finds that the defendant did indeed violate the order, the purpose of civil contempt proceedings is to compel compliance with the court's order and potentially to compensate the complainant for losses sustained due to non-compliance. This is not intended as a punitive measure but rather to ensure adherence to judicial directives.  *See*, Id.

Monetary fines payable to the court and incarceration are appropriate sanctions for civil contempt. *See*, United States v. Bayshore Assocs., Inc., 934 F.2d 1391, 1400-01 (6th Cir. 1991). When considering the amount of a contempt fine, courts should "consider the amount of the defendant's financial resources and the consequent seriousness of the burden to that particular defendant." Mine Workers, 330 U.S. at 304. A daily fine that terminates once the contemnor complies with the original order is an appropriate civil fine, whereas a "flat, unconditional fine" may be seen as a criminal contempt sanction. *See*, Downey v. Clauder, 30 F.3d 681, 685 (6th Cir. 1994). A defendant can avoid paying the monetary fine and incarceration "by performing the act required by the court's order." Id.

IV.    ARGUMENT

(a) **Knap has complied with the Order**

The plaintiff is engaging to "move the goal posts" so to speak on what information is covered by the Order.  The plaintiff's May 15 letter provides a voluminous list of materials they "expect to be in Mr. Knap's" control or custody.  Moreover, this list is "not exclusive; EPA USA may supplement it as the transition continues."  *See*, Exhibit 1, May 15, 2024, letter from plaintiffs' counsel.

Knap uploaded the bank account information for Silicon Valley Bank[1] and Mercury Bank, and listed some ancillary accounts, such as a Wise and Zoom account that he no longer has access for, along with other accounts that have been closed for years.  *See*, Exhibit 2, screenshots of uploaded bank account information.  The defendant, therefore, overproduced

---

[1] In April of 2023, Silicon Valley Bank (SVB) famously required an FDIC bailout through what would be called the Federal "redemption window," thereby revaluing bank asset sheet securities.

the important bank account information. There was no need to provide closed bank account information, but he did it to be thorough.

Further compliance to the Portal included: a full employee list, lease information for EPA's building; EPA balance sheets including profit and loss statements; payroll records are maintained through Zenefits and the login credentials have been provided; of vital importance are the debt portfolios which were added on June 6, 2024, after conferral with plaintiff's counsel on what was still needed according to their assessment. *See*, Exhibit 3, screenshot of debt portfolio information.

Finally, defendant Knap uploaded thousands of documents on June 20, and June 23, as evidenced by the screenshot. *See*, Exhibit 4. Knap's declaration makes clear the amount of effort that has been put forth in complying with the Court order and moving the case along fairly. The Defendant, in his Declaration, sets forth in painstaking detail the amount of information he has already provided to the plaintiffs. Defendant Knap again refutes the allegation made by the plaintiffs that he is "holding up the business," so to speak. That is an allegation that is patently without merit at this point. *See*, Exhibit 5, Declaration of Kamil Knap.

### V.     CONCLUSION

For the foregoing reasons Kamil Knap respectfully requests the Court deny EPA USA Inc.'s Motion for discovery sanctions on all grounds.

Dated: June 25, 2024

Respectfully submitted,

/James W. Olsen, Esq./

James Olsen, Esq. (038440)

James Olsen Law

2205 W 136th Avenue Ste 106 PMB 2863

Broomfield, CO 80023

Telephone: 7207367604

Email: james@jamesolsenlaw.com

*Attorneys for Defendant*