# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| EPA USA Incorporated,<br><br>    Plaintiff,<br><br>  v.<br><br>Kamil Knap,<br><br>    Defendant. | No. 2:24-cv-00749-GMS<br><br>**Joint Case Management Report** |

Pursuant to the Court's Order Setting Rule 16 Case Management Conference [Dkt. 21], Plaintiff EPA USA, Inc. ("EPA") and Defendant Kamil Knap ("Knap"), through their counsel, participated in a Scheduling Conference on June 15, 2024. EPA was represented by its counsel Ashley Menage. Knap was represented by his counsel James Olsen.

The Parties now respectfully file their Joint Case Management Report.

1. The parties who attended the Rule 26(f) meeting and assisted in developing the Case Management Report and the date of the meeting were counsel for Plaintiff, Ashley Menage, and Counsel for Defendant, James Olsen.

**2. A list of the parties in the case, including any parent corporations or entities (for recusal purposes):**

Plaintiff EPA USA, Inc. and Defendant Kamil Knap. Plaintiff EPA USA, Inc. is wholly owned by its parent company El Palo Alto PTE, LTD.

**3. A short statement of the nature of the case (3 pages or less), including a description of each claim and defense:**

**Plaintiff's Statement:** In 2019, a global financial holding company sought the assistance of Defendant Kamil Knap to start EPA USA, Inc., a debt collection agency. Knap opened EPA's business and operated as EPA's president for the next few years.

In 2021 Knap started to fail in his duties as EPA's director and officer, with tension hitting a fever pitch at the end of 2023. After Knap failed to keep EPA's sole shareholder apprised of EPA's status, failed to maintain proper financial statements, filed late tax returns (incurring unnecessary fees), and allowed EPA's licenses in multiple states to lapse, Knap was ousted. EPA's sole shareholder and board members removed Knap from his position as EPA's director and from the offices of Secretary and Chief Financial Officer in February 2024. Despite his removal, Knap refused to hand EPA over to its new management.

Knap's conduct has ground EPA's operations to a halt. With his refusal to return EPA's property, and refusal to provide access to the information EPA requires to operate, EPA remains unable to conduct business. EPA has brought claims for (1) declaratory relief, (2) violations of the Defend Trade Secrets Act, (3) Computer Fraud and Abuse Act, (4) Unfair Competition, (5) Breach of Fiduciary Duty,

Duty of Loyalty, Duty of Care, (6) Conversion and Trespass to Chattel, (7) Unjust Enrichment, (8) Intrusion upon Seclusion, (9) Prima Facie Tort, and (10) Constructive Fraud. Since bringing this suit, Knap continues to refuse to provide important information EPA needs to reopen its business, in direct contravention of this Court's Order.

**Defendant's Statement:** The plaintiffs in this matter, represented specifically by Natalia Ponomarou, Roman Vavron (deceased), and Martin Benko, as individuals, have been disingenuous at best throughout the matter, and during the events that preceded the Complaint.

The Defendant was induced, in September of 2023, into signing an agreement that would divest his substantial ownership stake in El Palo Alto, in exchange for retaining full control of EPA USA Inc. The plaintiffs subsequently breached this agreement, causing the defendant to detrimentally rely on plaintiffs' representations. Though this Court has declined to address this contractual legal issue directly during the preliminary injunction stage, understandably, the defendant renews this claim for the record, and duly restates it as an affirmative defense to the action.

The factual background is that the defendant had poured tons of sweat equity into the company, had finally gotten it to turn a profit and avert a major legal hurdle in a Texas Unfair Debt Claims case against it, and then was summarily dismissed as the company's director. He has since been substantially and/or fully compliant with all requirements of the Court thus far given how complex the information is and given the disingenuous actions of the plaintiffs. Such actions by the plaintiffs form the basis of numerous affirmative defenses, all of which have been set forth in the

defendant's Answer.

The defendant asserts the following: 1) Failure to state a claim for relief, 2) Standing, 3) Contributory Negligence, 4) Fraud, 5) Unclean Hands, 6) Failure of performance, 7) Reservation of rights to other defenses, 8) No trade secret was violated, 9) lack of Mens Rea, 10) Unjust enrichment, 11) defendant's actions were authorized.

**4. The jurisdictional basis for the case, describing the basis for the jurisdiction and citing specific jurisdictional statutes:**

This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as EPA's claims under the Defend Trade Secrets and Computer Fraud and Abuse Acts arise under the Constitution, laws, or treaties of the United States. Under 28 U.S.C. § 1367, EPA's state law claims are so related to its federal claims, they form part of the same case or controversy under Article III of the Constitution. This Court also has jurisdiction under 28 U.S.C. § 2201, for declaratory relief.

This Court has personal jurisdiction over Knap because Knap resides in this District, committed the tortious acts described above in this District, and is therefore present for jurisdiction purposes. Further, Knap conducts business the state of Arizona on a substantial, or continuous and systematic basis and therefore is constructively present. Knap has personally appeared before this Court and has waived any potential challenges to personal jurisdiction.

**5. Any parties which have not been served and an explanation of why they have not been served; and any parties which have been served but have not answered or otherwise appeared:**

None.

6. A statement of whether any party expects to add additional parties to the case or otherwise to amend or supplement pleadings (the Court will set a deadline of not later than 60 days after the Case Management Conference to join parties or amend or supplement pleadings):

No additional parties are expected.

7. A listing of contemplated motions and a statement of the issues to be decided by these motions (including motions under Federal Rules of Evidence 702, 703, 704, and 705) and whether a party wishes to file a case dispositive motion prior to the initiation of discovery:

No motions under Federal Rules of Evidence 702, 703, 704, or 705 are currently anticipated. Plaintiff does not intend to bring a dispositive motion prior to the initiation of discovery.

8. Whether the case is suitable for reference to a United States Magistrate Judge for a settlement conference or trial:

The parties do not object to referral to a United States Magistrate Judge.

9. The status of related cases pending before other courts or other judges of this Court:

None.

10. A statement of when the parties exchanged Federal Rule of Civil Procedure 26(a) initial disclosures. The Court expects that consistent with the Rules, initial disclosures will have been exchanged at least seven (7) days prior to the Rule 16 Case Management Conference, if not earlier. *See, e.g.,* Rule

**26(a)(1(C).**

The initial disclosures will be exchanged on July 5, 2024.

**11. Further, pursuant to Rule 26(d)(2), the parties may serve requests under Rule 34 any time 21 days after the parties have been served. The parties are encouraged to have exchanged and received initial Rule 34 requests prior to the Rule 16 Case Management Conference.**

The parties have not exchanged Rule 34 Requests but intend to do so prior to the Rule 16 Case Management Conference.

**12. A discussion of any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced (*see* Rules 16(b)(5), 26(f)(3)).**

The parties are not aware of any issues relating to disclosure or discovery of electronically stored information at this time.

**13. A discussion of any issues relating to claims of privilege or work product (*see* Rules 16(b)(6), 26(f)(4)).**

The parties know of no issues relating to claims of privilege or work product.

**14. A discussion of whether an order under Federal Rule of Evidence 502(d) is warranted in this case.**

The parties do not anticipate that an order under Federal Rule of Evidence 502(d) will be warranted.

**15. A discussion of necessary discovery. This discussion should take into account the December 1, 2015 amendments to Rule 26(b)(1), and should include:**

**a.     The extent, nature, and location of discovery anticipated by the parties.**

The parties anticipate propounding up to 25 interrogatories, including subparts, 25 requests for production of documents, including subparts, and 25 requests for admissions, including subparts.

The parties anticipate that discovery in this case will involve a number of depositions, including but not limited to Plaintiff's 30(b)(6) representative(s), Defendant Kamil Knap, Martin Benko, and Natalie Ponomarou. Depositions may be taken of other witnesses. The parties expect that the depositions will be conducted remotely.

**b.     Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2.**

The parties do not anticipate that any expansion of the discovery limitations imposed by the Federal Rules of Civil Procedure will be required.

**c.     The number of hours permitted for each deposition, unless extended by agreement of the parties.**

Seven (7) hours.

**16.     Proposed specific dates for each of the following (deadlines should fall on a Friday unless impracticable):**

**a.     A deadline for the completion of fact discovery.**

January 29, 2025.

**b.     Dates for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C).**

November 20, 2024.

  c. **A deadline for completion of all expert depositions.**

January 15, 2025.

  d. **A deadline for filing dispositive motions.**

February 12, 2025.

  e. **A date by which the parties shall have engaged in good faith settlement talks.**

February 5, 2025.

  f. **Date by which initial written discovery requests and initial deposition notices pursuant to Rules 33 and 34 shall be served.**

September 4, 2024.

  g. **A date by which initial discovery requests pursuant to Rule 30 or 31 shall be noticed.**

September 4, 2024.

  h. **A date by which any Rule 35 examination will be noticed if such an examination is required by any issues in the case.**

October 16, 2024.

  **17.** **Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, briefly set forth the reasons).**

Both parties requested a jury trial.

  **18.** **The estimated length of trial and any suggestions for shortening the trial.**

The parties estimate a trial length of two to three days.

**19. The prospects for settlement, including any request of the Court for assistance in settlement efforts.**

The parties propose mediation on or before February 5, 2025. Should the parties fail to agree upon a mediator, they will request the Court's assistance in appointing one.

**20. Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure.**

None known to the parties at this time.

Dated: July 5, 2024	**GRIFFITH BARBEE PLLC**

By: /s/ *Ashley Menage*
    Michael Barbee, Pro Hac Vice
    Texas Bar No. 24082656
    Ashley Menage, Pro Hac Vice
    Texas Bar No. 24089359
    1722 Routh Street, #910
    Dallas, TX 75201
    Tel: (214) 446-6020
    *Michael.Barbee@griffithbarbee.com*
    *Ashley.Menage@griffithbarbee.com*

    Brian J. Foster, #012143
    Ross P. Meyer, #28473
    **FOSTER LAW GROUP**
    4402 N. 36th Street, #127
    Phoenix, AZ 85018
    Tel: (602) 509-7345
    *brian@fosterlawgrp.com*

    *Attorneys for Plaintiff EPA USA Inc.*

**JAMES OLSEN LAW**

By: /s/ *James Olsen*
James Olsen
#38440 Arizona District
2205 W 136th Avenue
Ste 106 PMB 2863
Broomfield, CO 80023
(720) 736-7604
james@jamesolsenlaw.com

*Attorney for Defendant Kamil Knap*