*James W. Olsen #038440*
*James Olsen Law*
*2205 W. 136th Ave., Ste. 106 PMB 2863*
*Broomfield, CO 80023*
*(720) 736-7604 (Office)*
*(720) 737-7680 (Facsimile)*
*james@jamesolsenlaw.com*
        *and*
*Robert M. Frisbee #018779*
*7691 E. Via Montoya*
*Scottsdale, Arizona 85255*
*Phone: (602) 354-3689*
*Fax: (602) 266-7744*
*Cell: (480) 600-4719*
*rfrisbee@fbplclaw.com*
*Attorneys for Defendant Knap*

## IN THE UNITED STATES DISTRIC COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **EPA USA Incorporated,** | |
| Plaintiff, | No. 2:24-cv-00749-GMS |
| vs. | **MOTION OF JAMES OLSEN TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT KAMIL KNAP** |
| **Kamil Knap,** | |
| Defendant. | |

## MOTION TO WITHDRAW AS COUNSEL

Undersigned counsel respectfully moves this Court for an order permitting withdrawal as counsel for Kamil Knap in the above-captioned matter. A conflict of interest has arisen that prevents continued representation consistent with the Arizona Rules of Professional Conduct. Co-counsel, Robert Frisbee, will remain actively engaged in this matter and is fully prepared to continue representation without interruption. Accordingly, withdrawal can be accomplished without material adverse effect on the client's interests or the administration of justice.

## I. INTRODUCTION

A conflict of interest has arisen during the course of this representation that implicates the Arizona Rules of Professional Conduct. This conflict materially limits counsel's ability to provide undivided loyalty and zealous advocacy to the client. Under these circumstances, withdrawal is either mandatory under Arizona Rules of Professional Conduct Rule 1.16(a)(1), which requires withdrawal when continued representation would result in violation of the Rules of Professional Conduct, or alternatively, permissive under Rule 1.16(b)(7), which permits withdrawal when other good cause exists. *See*, Ariz. Rules of Prof'l Conduct R. 1.16

Critically, withdrawal will not prejudice the client or delay these proceedings. Co-counsel remains on the case, is fully familiar with all aspects of the matter, and is prepared to continue representation seamlessly. The client will not be required to retain substitute counsel, will not incur additional expense, and will experience no gap in effective advocacy.

## II. FACTUAL BACKGROUND

1. Undersigned counsel has been representing Kamil Knap in this matter since April 24, 2024.

2. A conflict of interest has arisen that was not reasonably foreseeable at the commencement of representation. The conflict involves circumstances that create a material limitation on counsel's ability to provide undivided loyalty to the client as required by the Arizona Rules of Professional Conduct.

3. Specifically, the conflict arises from matters involving co-counsel that create an adversarial dynamic incompatible with continued joint representation. The nature of this conflict is such that it materially limits counsel's professional judgment and ability to advocate effectively on the client's behalf.

4. Co-counsel has been actively involved in this representation since April of 2025 and is fully familiar with the case, including the factual background, legal theories, discovery materials, and litigation strategy. Based on information and belief, co-counsel is prepared to continue representation without any interruption.

5. The case is currently at the Summary Judgment stage. Co-counsel's continued involvement ensures continuity of representation and eliminates any risk of prejudice to the client.

6. Counsel has provided written notice to Kamil Knap of the intention to withdraw by way of this Motion to Withdraw.   Counsel asserts that, given the continued involvement of the Mr. Knap's other counsel, Mr. Frisbee, good cause has been shown that Mr. Knap is aware of the status of the case, pending deadlines, and scheduled court dates, in compliance with applicable procedural requirements. *See*, D. Ariz. LRCiv 83.3(b)(3)(B).

### III. SUMMARY OF ARGUMENT

Good cause exists for withdrawal under Arizona Rules of Professional Conduct Rule 1.16. A genuine conflict of interest has arisen that materially limits counsel's ability to represent the client consistent with ethical obligations. Arizona courts recognize that when professional considerations require termination of representation, an attorney's assertion of such conflict ordinarily should be accepted as sufficient without requiring disclosure of confidential or sensitive information. Moreover, withdrawal can be accomplished without any material adverse effect on the client's interests because co-counsel will continue the representation without interruption, ensuring continuity of advocacy and strategy. The presence of prepared co-counsel who is fully familiar with the case distinguishes this situation from cases where withdrawal would leave a client unrepresented or require retention of substitute counsel.

### IV. ARGUMENT

### A. Good Cause Exists for Withdrawal Based on a Conflict of Interest

Arizona Rules of Professional Conduct Rule 1.16(a)(1) mandates that a lawyer withdraw from representation if the representation will result in violation of the Rules of Professional Conduct or other law. *See*, Ariz. Rules of Prof'l Conduct R. 1.16.  Additionally, Rule 1.16(b)(7) permits withdrawal when other good cause for withdrawal exists. *See*, Id.

A conflict of interest that materially limits an attorney's ability to represent a client constitutes good cause for withdrawal. *See*, Ariz. Rules of Prof'l Conduct R. 1.7.  Arizona courts have recognized that conflicts of interest are addressed comprehensively in the Arizona Rules of Professional Conduct and implicate fundamental duties owed to clients. *See*, Romley v. Schneider, 202 Ariz. 362

The conflict that has arisen in this case involves circumstances relating to co-counsel that create a materially adverse dynamic. When an attorney faces a conflict that divides

4

professional loyalties or creates an adversarial relationship with co-counsel who will continue representing the client, the attorney's ability to provide undivided loyalty and independent professional judgment is necessarily compromised. Under these circumstances, withdrawal is appropriate to ensure the client receives representation free from conflicting interests.

**B. Courts Should Accept Counsel's Professional Judgment Without Requiring Detailed Disclosure**

Arizona courts recognize that attorneys must sometimes withdraw based on ethical considerations that cannot be fully disclosed without breaching confidentiality or revealing sensitive information. In State v. Coven, the Arizona Court of Appeals held that a trial court should not require an attorney to disclose confidential information as a condition of withdrawal. *See*, State v. Coven, 236 Ariz. 393.  Rather, the lawyer's statement that professional considerations require termination of the representation ordinarily should be accepted as sufficient. *See*, Id.

This principle reflects the law's recognition that requiring full disclosure of the basis for an ethical conflict would itself undermine the confidentiality protections and professional obligations that the Rules of Professional Conduct are designed to preserve. Undersigned counsel does not seek to withhold information arbitrarily, but rather seeks to comply with ethical obligations while protecting sensitive matters that are not appropriate for public disclosure.

Should the Court determine that additional information is necessary to evaluate this motion, counsel respectfully requests the opportunity to provide such information through in camera review or ex parte communication, such as an affidavit under seal, thereby protecting confidential and sensitive information while providing the Court with sufficient detail to rule on the motion.  *See*, McGhee v. Chavez, 2023 U.S. Dist. LEXIS 55340, 2023 WL 2708765.

5

## C. Withdrawal Will Not Materially Adversely Affect the Client

Arizona Rules of Professional Conduct Rule 1.16(b) permits withdrawal only when it can be accomplished without material adverse effect on the interests of the client. *See*, Ariz. Rules of Prof'l Conduct R. 1.16.  This requirement is fully satisfied here because co-counsel will continue representation without any interruption or gap in advocacy.

Co-counsel's existing involvement in this matter eliminates the concerns that typically arise when an attorney seeks to withdraw. The client will not be left unrepresented, will not need to retain substitute counsel, will not incur additional expense, and will not experience any delay in the proceedings. Co-counsel possesses complete familiarity with the factual background, legal theories, discovery materials, and litigation strategy, having been actively engaged in the representation throughout.

Moreover, the client's interests are actually better served by withdrawal under these circumstances. The conflict that has arisen creates a situation where continued representation by undersigned counsel would necessarily involve divided attention or compromised professional judgment. By withdrawing, counsel ensures that the client receives representation from co-counsel who is not subject to any conflict and can provide undivided loyalty.

The cooperative nature of this transition further demonstrates the absence of material adverse effect. Undersigned counsel will work with co-counsel if need be to ensure seamless continuity, including transfer of any necessary files, documents, or work product. No aspect of the representation will suffer as a result of this withdrawal.

## V. CONCLUSION

For the foregoing reasons, undersigned counsel respectfully requests that this Court grant this Motion to Withdraw as Counsel, effective upon entry of this Court's order such date as the Court deems appropriate.

RESPECTFULLY SUBMITTED this 12th day of June, 2026.

JAMES OLSEN LAW, LLC


By:  /s/ *James Olsen*
2205 W 136th Avenue Ste 106 PMB 2863
Broomfield, CO 80023
(720) 736-7604 (*#038440*)

james@jamesolsenlaw.com

7